THERESA CLARK et als., Appellants

from Decree of JUDGE OF PROBATE.

Hancock.   Opinion April 20, 1920.

*Rights of Judges of Probate Court to draw legal documents.   R. S., Chap. 67, Sec. 20. Statute strictly construed.   Common law rule.   Prohibition applies to such documents only as the Judge of Probate Court is by law required to pass upon.*

At common law a will was not invalidated because drawn by Judge of Probate in the county where the testator was then residing.

Sec. 20, Chap. 67, R. S., should be construed strictly. It is therefore held to apply only to such papers and documents as by their nature or because they are connected with the administration of an estate already pending, are required, in the ordinary course, to be passed upon by a Judge of Probate. It is not such papers as he may be, but such papers as he *is* by law required to pass upon.

A Judge of Probate is not required by law to pass upon all documents drafted as wills, only such as are presented to him for probate of testators who die resident in his county.

To hold that the statute prohibits Judges of Probate from drafting all papers falling within any of the classes of papers or documents that may in the course of the administration of estates come before him, would prohibit him from drafting any promissory notes. We think such was not the intent of the legislature.

On exceptions by appellants. Exceptions overruled. , An appeal from a decree of the Judge of Probate Court for Hancock County allowing the will of Mary E. Jordan.

The appellants requested the presiding Justice to rule as a matter of law, that the will should not be allowed for the reason that it was

drafted by B. E. Clark, who, at the time was the Judge of Probate Court for Hancock County. The presiding Justice refused to so rule and appellants took exceptions.

Case stated in the opinion.

*D. E. Hurley*, for appellants.

*George E. Googins*, for defendants.

SITTING: HANSON, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

HANSON, PHILBROOK, JJ., concuring in result.

WILSON, J.   The Judge of Probate for the County of Hancock in June, 1918, drafted the will of Mary E. Jordan, who died in June, 1919, a resident of that county.   In due course the will was presented for probate in the Probate Court for the County of Hancock.

The Judge of Probate apparently deeming it inappropriate that he should pass upon its execution and the testamentary capacity of the testatrix requested the Judge of Probate for Washington County to sit in his stead at the hearing upon the petition for the probate of the will.

Objection was duly made to the probate of the will on the ground that under Sec. 20, Chap. 67, R. S., a Judge of Probate was prohibited from drafting a will, and it was, therefore, invalid.   The will was allowed and an appeal taken to the Supreme Court of Probate.   The appellants requested a ruling by the Supreme Court of Probate that the will should not be allowed for the same reason.   The ruling was refused, and the decree of the Probate Court was affirmed.   The case is now before this court on exceptions to that ruling.

Prior to the enactment of Chap. 312, Laws of 1915, now Sec. 20, Chap. 67, R. S., a will was not invalidated even though it was drawn and witnessed by the Judge of Probate in the county in which the testator resided and died.   *Patten* v. *Tallman*, 27 Maine, 17.   Also see *McLean, et al.* v. *Barnard*, 1 Root (Conn.), 462; *Ford's Case*, 2 Root, 232.   Does Sec. 20, Chap. 67, R. S., prohibit a Judge of Probate from drafting a will?

The prohibition contained in the act and section above referred to reads:   "Nor shall any Judge of Probate draft or aid in drafting any document or paper which he is by law required to pass upon."   Is a will a document or paper within the intendment of the prohibition?

The statute being in derogation of the common law must be construed strictly. A Judge of Probate may in connection with the administration of an estate be required to pass upon the validity of a promissory note, but we could not regard it as a reasonable construction of the statute to hold that the legislature intended to prohibit Judges of Probate, most of whom are in the active practice of the law, from drafting promissory notes.

A document drafted as a last will and testament may never become such. The testator may destroy it. If a Judge of Probate should assist in drafting it, he might never be required to pass upon it. The testator may outlive his term of office or might die resident of another county.

The issue appears to be: Did the legislature intend under this act to place in the prohibited class all papers and documents that might in some event come before a Judge of Probate to be passed upon, or only such as by reason of their nature, as petitions initiating proceedings in a Probate Court, or by reason of their being a part of the administration of an estate already pending, as petitions for the sale of land, bonds and accounts, would in the ordinary cause be passed upon by the Judge of that court?

We think the stricter construction must prevail; and until the legislature shall make it clear that a Judge of Probate shall not act as scrivener in drafting a will, it must be left to his own good sense of propriety as to whether he shall act in that capacity.

Entry will be:

*Exceptions overruled.*